UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO

| | |
|---|---|
| In re:<br><br>Gilberto Valdez, Jr.,<br><br>    Debtor. | Bankruptcy No. 10-55322<br>Chapter 7<br>Judge Jack B. Schmetterer |
| FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.),<br><br>    Plaintiff,<br><br>v.<br><br>Gilberto Valdez, Jr.,<br><br>    Defendant. | ADV. NO. 11-00809 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## (PROPOSED BY PLAINTIFF)

The Plaintiff filed this adversary proceeding against the Defendant alleging that the amount of $981.00 (including costs) [handwritten, replacing struck-through amount] should be found nondischargeable pursuant to 11 U.S.C. §523 (a)(A)(2). It seeks a judgment by default against the Defendant pursuant to BR 7055 and FRCP 55. The Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Defendant's bankruptcy case was filed on December 15, 2010 ("Filing").

2. The Plaintiff's Complaint was filed on April 6, 2011.

3. The Plaintiff service by mail both the Defendant and the Defendant's attorney on April 6, 2011 and proof of service has been filed.

4. The Defendant is not in the military service of the United States and is not a minor or incapacitated person.

5. The Complaint was timely filed and duly served on the Defendant.

6. The Defendant has failed to either answer the Complaint or otherwise appear within the time period provided by the Court Rules, and has not done so since that time and is therefore in default.

7. The Notice of Motion, Motion Entry of Default Judgment, Complainant's Affidavit of Debt, Affidavit of Relief Sought, Non-Military Service Affidavit, Order of Default, and Default Judgment were served on the Defendant and Defendant's Counsel (in the administrative case) on July 19, 2011.

8. Defendant was the holder of Plaintiff's consumer open-end credit card plan charge account no. xxxx-9123. ("Account").

9. At Filing, the Account balance was $4,543.55.

10. The Complaint alleges that, between July 13, 2010 and October 30, 2010, the Defendant incurred $731.00 [stricken: $3,656.00] in retail charges ("Charges") on the Account through, *inter alia*, actual fraud, which renders them nondischargeable under 11 U.S.C. § 523 (a)(2)(A).

11. The filings in Defendant's bankruptcy case and the Account documents, establish the following facts and circumstances: the Defendant held seven credit cards, including the Account, with total balances of $23,696, yet at Filing had no income and did not expect that to change in the following year; his average monthly budget was overdrawn by $1,670 each month without providing service on any credit card debt; scheduled credit card debt of $23,696 would have required, under the required federal

minimum monthly payment on the credit balances, $710 to service each month; if the average monthly budget included service of credit card debt it would have been overdrawn by $2,380 each month; the Defendant suffered no property losses by theft, fire or other casualty, repossession or other legal process, voluntary surrender, or other loss or transfer before the Filing which might have necessitated incurring the Charges on the Account; the Defendant had no real property interests and only $200 in liquid assets at Filing; when the Charges were incurred, the Account had unused credit available and was in current standing

## JURISDICTION

1. Subject matter jurisdiction lies under 28 U.S.C. §1334.

2. This proceeding is before the Court pursuant to 28 U.S.C. §157 and referred to this Court by the United States District Court for the Northern District of Illinois Operating Procedure 15(a).

3. Venue lies under 28 U.S.C. § 1409.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## CONCLUSIONS OF LAW

1. The Defendant is in default in this proceeding and the requirements for entry of default and default judgment under BR 7055 and FRCP 55 are met.

2. The requirements for establishing a nondischargeability claim under 11 U.S.C. §523(a)(2)(A) as pertinent here, are:

   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt –

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation, or actual fraud ….

3. The Defendant has failed to Answer the Complaint which, *inter alia*, alleges that the Charges were incurred on the Account through actual fraud and are nondischargeable under 11 U.S.C. §523(a)(2)(A); it is therefore deemed admitted under BR 7008 and FRCP 8 that the requirements for nondischargeability under that section are met.

4. The Plaintiff justifiably relied on the Defendant's contractual promise to repay all charges incurred on the Account when it accepted the Charges for payment.

5. The Plaintiff has suffered damages in the amount of $~~$~~ $981.00 (including costs) which amount is nondischargeable in the Defendant's bankruptcy case pursuant to 11 U.S.C. § 523 (a)(2)(A).

6. The Plaintiff is entitled to a nondischargeable judgment in the amount of $~~$~~ $981.00 (including costs), without costs or attorney fees, against the Defendant pursuant to 11 U.S.C. § 523 (a)(2)(A).

ENTER:

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

NOV 10 2011

11/10/11